# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
DAVID GOLDSTEIN, the natural son      *
and Executor of the Estate of         *
LESTER GOLDSTEIN,                      *
                                       *         No. 12-116V
                      Petitioner,      *         Special Master Christian J. Moran
                                       *
v.                                     *         Filed: April 22, 2013
                                       *
SECRETARY OF HEALTH                    *         Stipulation; influenza (flu) vaccine;
AND HUMAN SERVICES,                    *         Guillain-Barré syndrome (GBS); death
                                       *
                      Respondent.      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## UNPUBLISHED DECISION[1]

Thomas P. Gallagher, Gallagher and Gallagher, Somers Point, NJ, for Petitioner;
Justine E. Daigneault, U.S. Department of Justice, Washington, D.C., for Respondent.

On April 19, 2013, respondent filed a joint stipulation concerning the petition for compensation filed on behalf of the estate of Lester Goldstein ("Lester") on February 21, 2012. The petition seeks compensation for Lester's injury and death, which petitioner alleges were caused by his receipt of the trivalent influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Lester received on October 11, 2010. Petitioner alleges that Lester suffered from Guillain-Barré Syndrome ("GBS") as a result of receiving the flu vaccine, and that he subsequently died as a result of his alleged vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Lester as a result of his alleged injury or his death.

Respondent denies that the flu vaccine caused Lester's alleged GBS or any other injury, and denies that the flu immunization caused his death.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $175,000.00 in the form of a check payable to petitioner as conservator/legal representative of Lester Goldstein's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-116V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Jay All, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DAVID GOLDSTEIN, the Natural Son
and Executor of the Estate of
LESTER GOLDSTEIN,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 12-116V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation on behalf of the estate of Lester Goldstein ("Lester") was filed under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for Lester Goldstein's injury and death, which petitioner alleges were caused by his receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Lester received an influenza immunization on October 11, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Lester Goldstein suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza vaccine, and that he subsequently died as a result of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Lester Goldstein as a result of his alleged injury or his death.

6. Respondent denies that the influenza immunization caused Lester Goldstein's alleged GBS or any other injury, and denies that the influenza immunization caused his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $175,000.00 in the form of a check payable to petitioner as conservator/legal representative of Lester Goldstein's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

11. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator/legal representative of Lester Goldstein's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as conservator/legal representative of Lester Goldstein's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Lester Goldstein at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Lester Goldstein upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of the estate of Lester Goldstein, on behalf of himself, and on behalf of Lester Goldstein's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Lester Goldstein resulting from, or alleged to have resulted from, the influenza vaccination administered on October 11, 2010, as alleged in a petition for vaccine compensation filed on or

3

about February 21, 2012, in the United States Court of Federal Claims as petition No. 12-116V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Lester Goldstein's alleged GBS or any other injury or his death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the estate of Lester Goldstein.

END OF STIPULATION

/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

DAVID GOLDSTEIN

ATTORNEY OF RECORD FOR
PETITIONER:

THOMAS P. GALLAGHER, ESQ.
GALLAGHER &GALLAGHER
822 Shore Road
Somers Point, New Jersey 08244
(609) 926-6450

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
 Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
 Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

JUSTINE E. DAIGNEAULT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

Dated: 4/19/2013

5